NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1091
_____

UNITED STATES OF AMERICA

v.

BRADLEY BARNDT,
                              Appellant
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(Crim. No. 2-09-cr-00325-005)
District Judge: Hon. Terrence F. McVerry
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 21, 2013

Before: McKEE, *Chief Judge*, SMITH and GREENAWAY, JR.,
*Circuit Judges*

(Opinion filed: July 31, 2013)

_____

OPINION
_____

McKEE, *Chief Judge*.

A jury found Bradley Barndt guilty of conspiring to distribute five kilograms or

more of cocaine in violation of 21 U.S.C. § 846. Barndt was sentenced to a term of

imprisonment of 240 months, to be followed by a ten-year term of supervised release. He

1

filed a timely appeal, and his counsel has submitted a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Barndt has filed a *pro se* brief in support of his appeal. For the reasons that follow, we will grant Barndt's counsel's motion to withdraw and affirm Barndt's conviction and sentence.

## I.

Because we write primarily for the parties, who are familiar with the facts, procedural history and contentions, we need not reiterate that background.

*Anders* provides that "if counsel finds his [client's appeal] to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. "That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id*.; *see also* Third Circuit L.A.R. 109.2(a). We must then determine whether the appeal is "wholly frivolous." *Anders*, 386 U.S. at 744. In making this determination, we evaluate: "(1) whether counsel adequately fulfilled the [Third Circuit L.A.R. 109.2(a)] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

Rule 109 requires that, "[w]here, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders . . .* which must be served upon the appellant and the United States." Once counsel has submitted an *Anders* motion and brief, we must decide whether the appeal is wholly frivolous. In his *Anders'* brief, Barndt's counsel has identified four classes of issues which he believes might arguably

2

have merit, but which he ultimately concludes are frivolous.  Each is briefly discussed below.  We conclude that counsel has satisfied the requirements of Rule 109.2(a)'s first prong.

## II.

### 1. Prosecutorial Misconduct.

### (a).  The Government's opening statement.

In his opening statement, the Assistant United States Attorney told the jury that several members of the conspiracy were from Bosnia and made several references to "the Bosnian organization."   No Bosnians had been indicted and were not named co-conspirators in Barndt's case.[1]  However, the references to the Bosnian organization were part of the government's evidence. Thus, the AUSA's references were supported by the government's evidence and, accordingly, there was no misconduct.  *See United States v. Retos*, 25 F.3d 1220, 1224 (3d Cir. 1994).

### (b). The transcript binder.

The  second matter identified by Barndt's counsel pertains to the removal of a portion of one of the transcripts of an intercepted call from exhibit binders that had been furnished to the jury. That removal was intended to insulate the jury from evidence that had not been properly admitted.  Moreover, the government, upon the request of defense counsel, replaced the removed pages and agreed to the introduction of the complete transcript as a defense exhibit.

---

[1] Barndt did not object to the AUSA's references to the Bosnians.  Thus, our review is for plain error. *United States v. Brennan*, 326 F.3d 176, 182 (3d Cir. 2003).

## 2. Trial errors.

### (a). Admission of Barndt's prior drug conviction.

The government filed a notice that it intended to offer evidence of Barndt's prior state conviction for conspiracy and possession with intent to deliver a controlled substance, *viz*., cocaine, under Fed.R.Evid. 404(b) Barndt's counsel concedes in his *Anders* brief that the district court's decision to admit that evidence was not an abuse of discretion. We agree.[2] It is well-established that prior instances of drug distribution, established through conviction or otherwise are relevant to whether a defendant has an intent to distribute a controlled substance as charged in an indictment. *See, e.g., United States v. Lee*, 573 F.3d 155, 166 (3d Cir. 2009).

### (b). Admission of drug seizures outside of the Western District of Pennsylvania.

At trial, a Drug Enforcement Agent from Kentucky testified that one of the vehicles used in the charged conspiracy was subjected to a traffic stop in Indianapolis, Indiana, and DEA agents seized five kilograms of cocaine and $10,000 in cash from a hidden compartment in the vehicle. The vehicle was a blue Ford Focus and the driver was named Oscar Cordoba, who used the nicknames "Horse" and "Caballo." Barndt's counsel did not object to this testimony.

The Indiana seizure showed the geographic scope of the conspiracy, and one of the couriers testified that he transported cocaine to Curran, who, in turn, supplied Barndt. The courier testified that he often used a blue Ford Focus which had a hidden

---

[2] The district court's evidentiary rulings are reviewed for abuse of discretion. *United States v. Ali*, 493 F.3d 387, 391 (3d Cir. 2007).

4

compartment in which he would hide cocaine and cash. The traffic stop corroborated this testimony. Another government witness testified that the organization used a person named Horse or Caballo as a drug and money courier. The DEA agent's testimony simply corroborated the government's evidence and its admission does not constitute error.

### (c). Request for a "buyer-seller" instruction.

Barndt's trial counsel requested a "buyer-seller" instruction, which was denied.[3] We conclude, and defense counsel appropriately agrees that the evidence does not support the requested instruction. *See United States v. Davis*, 183 F.3d 231, 250 (3d Cir. 1999). To the contrary, the government's evidence established that Barndt was an active participant in the conspiracy to distribute cocaine. He was not a one-time participant. *See United States v. Boone*, 279 F.3d 163, 192 (3d Cir. 2002).

### 3. Sufficiency of the evidence.

Barndt's counsel's *Anders* brief notes that there were discrepancies in the identification testimony of witnesses, but those discrepancies were minor and not significant enough for him to make a nonfrivolous argument that there was insufficient evidence from which a jury could find that Barndt was one of the participants in the charged conspiracy. We agree.

The discrepancies noted by counsel went to the credibility of the witnesses, and it is not our function to determine the credibility of those witnesses. *United States v.*

---

[3] We review the district court's decision for an abuse of discretion. *United States v. Petersen*, 622 F.3d 196, 207 n.7 (3d Cir. 2010).

*Cothran*, 286 F.3d 173 , 175  (3d Cir. 2002) ("It is not our role to . . . determine the credibility of the witnesses.") (citation omitted).

### 4.  Sentencing disparity.

The government filed an information under 21 U.S.C. § 851 making Barndt subject to the applicable mandatory minimum sentence, which, in his case, was 240 months.  Thus, Barndt cannot argue that there is a disparity in his sentence.  *See, e.g., United States v. Kellum*, 356 F.3d 285, 289-90 (3d Cir. 2004).

### III.

In light of counsel's decision to submit an *Anders* brief, Barndt was entitled to submit his own brief in support of his appeal. *See* Third Circuit L.A.R. 109.2(a). Accordingly, we turn next to the arguments Barndt makes in his *pro se* brief.

### (a). Drug quantity.

Barndt claims that the evidence shows, at best, that he was responsible for no more than three kilograms of cocaine and that the district court erred in failing to impose a sentence based on that drug quantity.  However, his claim is frivolous.

Barndt was charged with engaging in a conspiracy, the purpose of which was to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 846.  He was convicted of that offense. Thus, because Barndt was convicted of conspiracy, he was liable not just for the quantity of drugs he handled, but the quantity handled by the entire conspiracy.  *United States v. Phillips*, 349 F.3d 138, 143 (3d Cir. 2003), *vacated and remanded on other grounds sub nom, Barbour v. United States*, 543 U.S. 1102 (2005).

The evidence clearly showed that the conspiracy was responsible for handling more than five kilograms of cocaine.

### (b).  Admissibility of prior conviction.

As we have already noted, the district court admitted evidence of Barndt's prior state conviction for conspiracy and possession with intent to deliver cocaine.  In his *pro se* brief, Barndt contends that "the trial court . . .  never established on the record that [his] prior conviction wasn't prejudicial or conducted a balancing test."  We take this to mean that Barndt contends that the district court failed to conduct an on-the-record Fed.R.Evid. 403 analysis of the prior conviction and that the potential for unfair prejudice substantially outweighed the evidence's probative value.

Whenever a party seeks to introduce evidence under Fed.R.Evid. 404(b), the trial court must conduct an analysis of that evidence under Fed.R.Evid. 403.  *See, e.g., United States v. Murray*, 103 F.3d 310, 316 (3d Cir. 1997); *United States v. Sampson*, 980 F.2d 883, 888 (3d Cir. 1992).   A trial court's Rule 403 analysis should preferably be explicit and on-the-record.  *Murray*, 103 F.3d at 316.

The trial court found that the prior conviction was admissible and relevant to the issue of Barndt's intent and knowledge.  Admittedly, the district court did not specifically refer to Rule 403. However, the district court's Rule 403 analysis is implicit. The district court cited our precedent on the admissibility of prior drug convictions when it held that the evidence was admissible.  In addition, the district court cited to Rule 403 in excluding other evidence that the government sought to introduce under Rule 404(b).  Finally, the

7

district court instructed the jury that it could consider the prior conviction for the limited purposes of intent and knowledge.

### (c). Sentencing error.

Barndt contends that the district court did not make any independent findings regarding the amount of cocaine attributable to him for calculating his advisory Guidelines range. However, this argument is frivolous. The amount of cocaine charged and ultimately proven by the government made the mandatory minimum sentences found at 21 U.S.C. § 841(b)(1)(A)(ii) applicable to Barndt's sentence. Moreover, because Barndt had a prior felony drug conviction, and because the government filed a notice pursuant to 21 U.S.C. § 851, Barndt faced a mandatory minimum sentence of at least twenty-years imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(ii). Thus, the district court was obligated to sentence Barndt to the applicable mandatory minimum.

### (d). Prosecutorial misconduct.

Barndt accuses the government of prosecutorial misconduct in failing to provide the notes of an interview of a government witness and that failure violated his due process rights. However, this argument is frivolous. The notes alleged by Barndt to be interview notes were actually notes the AUSA made when he was preparing a witness for trial and consisted of questions the AUSA intended to ask the witness during trial. Barndt does not explain how or why these notes were subject to disclosure under the Jencks Act, 18 U.S.C. § 3500, or why they should have been turned over to him pursuant to *Brady v. Maryland*, 373 U.S. 83 (1969).

### (e). Sufficiency of the evidence.

8

Finally, Barndt contends that there was insufficient evidence to support his conviction. However, as noted, in his *Anders* brief, Barndt's counsel explains why an insufficiency argument is frivolous.

In sum, we find that the issues raised by Barndt in his *pro se* brief are frivolous.

**IV.**

Because we conclude that counsel has satisfied his obligations under *Anders*, we will grant his motion to withdraw. We further conclude that it is not necessary to appoint counsel to file a petition for rehearing in this Court or a petition for a *writ of certiorari* in the United States Supreme Court on Barndt's behalf. *See* Third Circuit L.A.R. 109.2(b). Finally, because Barndt's appeal presents no meritorious arguments, we will affirm the judgment of the district court.