CLD-013                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2548
_____

UNITED STATES OF AMERICA

v.

BRADLEY BARNDT,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2:09-cr-00325-005)
District Judge:  Honorable Mark R. Hornak
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 20, 2022
Before:  MCKEE[1], GREENAWAY, JR., and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 29, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[1] Judge McKee assumed senior status on October 21, 2022.
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Bradley Barndt appeals from the District Court's orders denying his motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1) and denying his motion for reconsideration. The Government has filed a motion to summarily affirm. For the reasons that follow, we grant the Government's motion and will affirm the District Court's orders.

In August 2011, following a jury trial, Barndt was convicted of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. Because he had a prior drug conviction, he was sentenced to a mandatory minimum of twenty years' imprisonment. His direct appeal was unsuccessful, United States v. Barndt, 533 F. App'x 92 (3d Cir. 2013), as was his motion to vacate under 28 U.S.C. § 2255, C.A. No. 14-3869.

Between November 2019 and January 2021, Barndt filed four motions for compassionate release. Dkt Nos. 1105, 1109, 1111, 1145.[2] In his motions, Barndt argued that the following circumstances were extraordinary and compelling, justifying compassionate release: (1) a change in federal sentencing law, (2) his rehabilitation efforts, and (3) the ongoing COVID-19 pandemic. Dkt No. 1145; see also Dkt Nos. 1105, 1109, & 1111.

---

[2] Brandt's first three motions, Dkt Nos. 1105, 1109 & 1111, were filed pro se, and his fourth motion, Dkt No. 1145, was filed by counsel.

On May 12, 2022, the District Court entered an order denying all of Barndt's motions seeking compassionate release. Dkt Nos. 1199 & 1200. Brandt subsequently moved for reconsideration, arguing (1) that "imprisonment during this COVID era is far more punitive in nature than it was at the time sentence was imposed," and (2) that the Supreme Court's decision in Concepcion v. United States, 142 S. Ct. 2389 (2022), abrogated this Court's decision in United States v. Andrews, 12 F.4th 255 (3d Cir. 2021). Dkt Nos. 1201 & 1213. The District Court denied his motion. Dkt No. 1214. Brandt timely appealed. Dkt No. 1219. The Government filed a motion for summary affirmance. Brandt did not file a response, and the time for doing so has closed.

We have jurisdiction under 28 U.S.C. § 1291.[3] A district court's order denying a motion for compassionate release is reviewed for abuse of discretion, see United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020), and so is its order denying a motion for reconsideration, see United States v. Kalb, 891 F.3d 455, 466–67 (3d Cir. 2018). In reviewing a district court's denial of a motion for compassionate release, "we will not disturb the District Court's decision unless there is a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Pawlowski, 967 F.3d at 330 (alteration in original) (internal quotation

---

[3] We have jurisdiction over the District Court's denial of Brandt's motion for reconsideration as well as the underlying order denying his motions for compassionate release. See generally United States v. Kalb, 891 F.3d 455, 463 (3d Cir. 2018); see also United States v. Ibarra, 502 U.S. 1, 4 n.2 (1991).

marks omitted).  We may take summary action if the appeal presents no substantial question.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.  We agree with the Government that the appeal does not present a substantial question because the District Court did not abuse its discretion in denying Brandt's § 3582 motions and his motion for reconsideration.

There is no indication that the District Court "committed a clear error of judgment" when it concluded that the circumstances presented by Brandt did not amount to extraordinary and compelling reasons that justify release.  First, the District Court, relying on this Court's decision in Andrews, correctly concluded that nonretroactive changes to mandatory minimums do not support a finding of extraordinary or compelling reasons for release.  See Andrews, 12 F.4th at 261 (reasoning that "the imposition of a sentence that was not only permissible but statutorily required at the time is neither an extraordinary nor a compelling reason to now reduce that same sentence" (citation to quoted case omitted)).  Moreover, Brandt's argument that the Supreme Court's decision in Concepcion abrogated Andrews is without merit.  As noted, the District Court relied on Andrews in concluding that Brandt failed to show extraordinary and compelling reasons for release.  Concepcion, however, is irrelevant to this threshold question and rather concerns the matters that district judges may consider when resentencing defendants.  See United States v. King, 40 F.4th 594, 596 (7th Cir. 2022) (so concluding).

4

Second, while Brandt has provided evidence of his rehabilitation efforts, the District Court correctly concluded, and the statute is clear that, rehabilitation alone cannot constitute extraordinary and compelling grounds under § 3582. See 28 U.S.C. § 994(t). Third, with respect to Brandt's arguments regarding COVID-related prison conditions, he has not pointed to any health conditions that place him at a greater risk of serious illness from COVID-19, nor did he describe any circumstances that set him apart from other incarcerated individuals. His generalized concerns are insufficient to constitute extraordinary and compelling reasons. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (explaining that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release").

Finally, we find no abuse of discretion in the District Court's decision to deny Brandt's motion for reconsideration. Brandt's various arguments lack merit for the reasons discussed above and therefore there was no basis for reconsideration. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

Accordingly, we grant the Government's motion for summary action and will summarily affirm the District Court's judgment.