NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4766
_____

UNITED STATES OF AMERICA

v.

DEREK EUGENE SPRIGGS,
                                    Appellant
_____


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(1:12-CR-0300-001)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
September 9, 2014
_____


Before: RENDELL, GREENAWAY, JR., and BARRY, Circuit Judges

(Opinion Filed: November 12, 2014)
_____

OPINION*
_____


_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*

Derek Spriggs ("Spriggs") appeals his judgment of conviction on the basis that inadmissible hearsay evidence introduced during the trial was not harmless error and contributed to his guilty verdict. Because we agree with the District Court that the admission of the impermissible hearsay evidence was harmless, we will affirm the District Court's judgment of conviction.

## I. Factual and Procedural History

We write primarily for the benefit of the parties and recount only the facts essential to our discussion.

Spriggs went to trial in the Middle District of Pennsylvania on two firearms counts and two drug counts. At trial, the government called Trooper Jon J. Markle as its final witness. Trooper Markle testified that he was initially contacted by Corporal Scott Wolfe who had a confidential informant ("CI") who could purchase marijuana from an unindicted co-conspirator, Joshua Arvelo. Trooper Markle met with Detective Wolfe and the CI. Trooper Markle explained that the plan involved the CI calling Arvelo to arrange a drug transaction for a quarter pound of marijuana for the sum of $460. Trooper Markle testified that this phone call occurred in his presence. Further, the CI and Arvelo were to meet in the parking lot at the Harrisburg East Mall, and then travel to Arvelo's supplier to retrieve the marijuana. Trooper Markle then explained that "[t]he plan changed" once the CI arrived in the parking lot. App. 139. He began to testify that "[t]he confidential informant [had] advised that --" when counsel for Spriggs objected on hearsay grounds.

2

*Id.*

The District Court sustained the hearsay objection, and the trooper stated, "I'll rephrase. The plan changed. Mr. Arvelo was bringing the supplier with him --." App. 140. Counsel for Spriggs objected again, but her objection was overruled. Trooper Markle also testified that members of the surveillance team observed Arvelo drive into the parking lot with a male individual, later identified as Spriggs, in the passenger seat. Trooper Markle and the other officers then approached Arvelo's car in order to remove Spriggs from the vehicle. He told Spriggs to put his hands up, but observed Spriggs move his right hand towards his right pocket area as though trying to hide something or dispose of an object. At this point, Spriggs was arrested and searched. Spriggs had a gun, an ounce of marijuana, a digital scale, a cell phone, and $89 in cash in his possession.

During deliberations, the jury submitted a note to the Court. The note stated that they "[n]eed[ed the] transcript of testimony related to CI and change of plans to deliver the drugs. Instead of bringing buyer to supplier, was [sic] there exact statements indicating supplier would come along? Were these statements from the CI or did law enforcement listen in to the conversation?" *Id.* at 245. Upon receipt of this note, the District Court stated that it "should have probably granted [defense counsel's] objection because . . . it was hearsay." *Id.* at 247. The District Court then brought in the jury and responded to the jury's note by stating: "There are no exact statements in the record indicating what the change of plans were. The CI did not testify to the change of plans.

Arvelo did not specify exactly what the change of plans were. The trooper only listened in to the conversation when the initial plan was set up. Are you satisfied with that?" *Id.* at 256.

While the foreperson was unequivocally satisfied, another juror interjected and said, "My understanding, was there no mention once the change of plan took place, was there no mention in that, instead of our going there, and that's the first part of it, I'm bringing the supplier with me, by anyone? Did the trooper say that is what he was told by the informant, I'm bringing the supplier with me?" *Id.* at 256-57. The District Court responded that "[a]nything that the trooper testified to that he heard from someone else is hearsay and not admissible." *Id.* at 257. The questioning juror now appeared to be satisfied and said, "[a]nd it's inadmissible, okay." *Id.*

At the close of a two-day trial, the jury found Spriggs guilty of all counts contained in the indictment except possession with intent to distribute marijuana. Spriggs filed a post-trial motion seeking a new trial, which was denied. The District Court found that although Trooper Markle's statement was inadmissible hearsay, it constituted harmless error in light of the additional "substantial" evidence the jury had to consider. In addition, any error was harmless and further mitigated by the curative instruction given by the Court in response to the jury's questions.

The District Court sentenced Spriggs to an aggregate term of imprisonment of 240 months, representing a downward variance of 120 months. Spriggs filed a timely notice of appeal.

## II. Jurisdiction and Standard of Review

The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over challenges that implicate the Confrontation Clause, and if we find a violation, we consider whether the error was harmless. *United States v. Lore*, 430 F.3d 190, 208-09 (3d Cir. 2005). Because the nature of the error in this case was testimonial, and therefore constitutional, we will affirm the District Court if we find that the error is harmless beyond a reasonable doubt. *See Gov't of Virgin Islands v. Davis*, 561 F.3d 159, 165 (3d Cir. 2009); *Chapman v. California*, 386 U.S. 18, 24 (1967) (where a constitutional right is violated, a court may affirm only if the error is harmless beyond a reasonable doubt).

## III. Discussion

Spriggs argues that the District Court erred by admitting Trooper Markle's testimonial statement regarding the change in plans noting that Arvelo would bring "the supplier with him to the location." App. 140. It is undisputed that this statement is hearsay, it is testimonial, and as such it is inadmissible. Thus, the only question before us is whether the admission of such evidence amounted to harmless error. "[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Chapman*, 386 U.S. at 24.

To determine whether the error was harmless, we must look at the properly admitted evidence to evaluate whether there was enough to support the conviction

beyond a reasonable doubt. *See United States v. Hinton*, 423 F.3d 355, 362 (3d Cir. 2005) (holding a Confrontation Clause violation was harmless error because "the jury verdict . . . would have been the same . . . had [the constitutionally unsound] statements not been admitted . . . ."). As stated in *Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993), when determining whether an error is harmless, "[t]he inquiry . . . is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error."

Spriggs' argument relies on the assumption that Arvelo's testimony was already suspect because he was a cooperator. He posits that Trooper Markle's inadmissible statement bolstered Arvelo's credibility, ultimately leading the jury to believe Arvelo, which it may not otherwise have done. We disagree. When we apply the harmless error analysis, as articulated in *Chapman* and *Sullivan,* to the facts of this case we find that the error in admitting Trooper Markle's statement was harmless beyond a reasonable doubt.

Here, Trooper Markle's single statement about Spriggs being the supplier was not critical to the Government's case. Arvelo testified about his relationship with Spriggs, whereby Spriggs supplied him with marijuana and Arvelo then sold it. Arvelo also testified about Spriggs supplying him with marijuana on the day in question. Further, the physical evidence corroborated Arvelo's testimony that Spriggs was his supplier. When he was arrested, Spriggs had a number of the tools of the narcotics trafficking trade on his person, including the loaded firearm, an additional ounce of marijuana, and a digital

scale. There were also phone records that established communication between the CI and Arvelo, immediately followed by contact between Arvelo and Spriggs at the time of the drug transaction. Spriggs also went to the parking lot with Arvelo for the drug transaction with the CI, but remained in the car while Arvelo and the CI met. This was consistent with Trooper Markle's testimony that that suppliers prefer to be close to their product or money, but not so close that they can be identified by customers.

Moreover, while the jury did question the District Court about the statement at issue in this appeal, the District Court mitigated this issue by instructing the jury that "[a]nything that the trooper testified to that he heard from someone else is hearsay and not admissible." App. 257. The jurors understood this missive, because one of them verbally responded in open court by saying, "[a]nd it's inadmissible, okay." *Id.* The law presumes that juries "will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an overwhelming probability that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be devastating to the defendant[] . . . ." *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987) (citations and internal quotations marks omitted); *see also United States v. Hakim*, 344 F.3d 324, 326 (3d Cir. 2003) ("We generally presume that juries follow instructions given by the District Court . . . .").

Because the evidence lawfully admitted against Spriggs was overwhelming, and the effect of the inadmissible statement was mitigated by the District Court's instruction, we conclude that the erroneous admission of Trooper Markle's testimony was harmless

beyond a reasonable doubt. *See Chapman*, 386 U.S. at 24.

## IV. Conclusion

For the foregoing reasons, we will affirm the judgment of conviction of the District Court.