ALD-076 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3005
_____

UNITED STATES OF AMERICA

v.

DEREK EUGENE SPRIGGS,
                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-12-cr-00300-001)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted by the Clerk for Possible Dismissal as Untimely
and on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

January 19, 2023
Before:  HARDIMAN, RESTREPO, and BIBAS, <u>Circuit Judges</u>

(Opinion filed February 8, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Derek Eugene Spriggs, a prisoner at FCI-Coleman, appeals from orders of the District Court denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(2) and denying a motion for reconsideration. The Government has filed a motion for summary affirmance. For the following reasons, we will grant the motion and summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2013, Spriggs was convicted in the District Court of felon in possession of a firearm, possession of a firearm in furtherance of drug trafficking, and conspiracy to distribute and possession with intent to distribute marijuana, in violation of 18 U.S.C. §§ 922(g), 924(c) and 21 U.S.C. §§ 846, 841. He was sentenced to 240 months' imprisonment. We affirmed on direct appeal. See United States v. Spriggs, 591 F. App'x 149 (3d Cir. 2014). Because Spriggs had to serve out the remainder of a state sentence, his reporting date to federal prison was delayed by nearly seven years. See ECF No. 91 at 2 n.1.

In February 2022, Spriggs filed a pro se motion for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, which authorizes criminal defendants to seek reductions of their sentences by demonstrating "extraordinary and compelling" circumstances.[1] See ECF No. 89. Spriggs argued that he suffers from numerous medical conditions which expose him to a high risk of serious

---

[1] The Government conceded that Spriggs exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). See ECF No. 98 at 4 n.1.

illness or death from COVID-19, including obesity and epilepsy. He also maintained that this Court's decision in United States v. Nasir, 982 F.3d 144 (3d Cir. 2020 ) (en banc) (holding that inchoate offenses are not included in the definition of "controlled substance offenses"), established that he was erroneously sentenced as a career offender, and that, but for that error, he "would have already been released from prison." ECF No. 89 at 8. Spriggs claimed that his susceptibility to COVID-19 combined with the impact of Nasir were extraordinary circumstances warranting compassionate release. Finally, he asserted that the sentencing factors under 18 U.S.C. § 3553(a) weighed in favor of release, particularly in light of his rehabilitative efforts while in prison.

The District Court assigned counsel, who filed a brief in support of the § 3582 motion arguing that Spriggs' increased risk of complications from COVID-19 was an extraordinary and compelling circumstance for release and that the § 3553(a) factors supported granting relief. In an order entered July 13, 2022, the District Court denied the § 3582 motion. Spriggs filed a timely pro se motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), arguing that the District Court had failed to consider the impact of Nasir on his sentence. See Baker v. United States, 670 F.3d 448, 451 n.2 (3d Cir. 2012) (presuming that the incarcerated appellant filed his motions on the date that he executed them); see also Smith v. Evans, 853 F.2d 155, 161-62 (3d Cir. 1988) (extending the prison mailbox rule to motions for reconsideration), abrogated on other grounds recognized by Lizardo v. United States, 619 F.3d 273 (3d Cir. 2010). He also argued that

3

an intervening Supreme Court decision, Concepcion v. United States, 142 S. Ct. 2389 (2022), supported reconsideration of his motion. The District Court denied the Rule 59(e) motion by order entered October 6, 2022, and Spriggs appealed. The Government seeks summary affirmance.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] We review a district court's decision to deny a motion for compassionate release for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached." Id. (quotation marks and citation omitted). We also review an order denying a motion for reconsideration for abuse of discretion. See United States v. Kalb, 891 F.3d 455, 466-67 (3d Cir. 2018).

A district court may reduce a defendant's term of imprisonment "after considering the factors set forth in § 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.

---

[2] A § 3582 motion is a continuation of the prior criminal proceeding, see United States v. Arrango, 291 F.3d 170, 171-72 (2d Cir. 2002) (per curiam), so, to be timely, a defendant's notice of appeal must be filed in the district court no later than 14 days after the challenged order is entered. See Fed. R. App. P. 4(b)(1)(A). Although Spriggs' notice of appeal was filed outside this time period, we will review the merits of the appeal. The 14-day period for filing a notice of appeal in a criminal case is non-jurisdictional, see Gov't of the V.I. v. Martinez, 620 F.3d 321, 328-29 (3d Cir. 2010), and the Government does not invoke Rule 4(b) but asks us to rule on the merits. See id. at 329; see also United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012).

4

§ 3582(c)(1)(A). We agree, for the reasons provided by the District Court, that Spriggs' medical conditions did not present extraordinary and compelling reasons warranting compassionate release.

On appeal, Spriggs argues that the District Court erred in failing to consider whether his "admitted invalid career offender sentence" under <u>Nasir</u> constitutes an extraordinary and compelling circumstance warranting compassionate release. Resp. to Mot. for Summ. Affirmance at 1. Regardless of whether the District Court should have explicitly considered Spriggs' argument, our decision in <u>Nasir</u> does not provide him with an extraordinary and compelling basis for release. <u>See</u> <u>United States v. Andrews</u>, 12 F.4th 255, 260-61 (3d Cir. 2021) (holding that neither the length of a lawfully imposed sentence nor non-retroactive changes in statutory sentencing law establish extraordinary and compelling circumstances for release). And because Spriggs cannot make this "threshold" showing, his reliance on <u>Concepcion</u> is misplaced. 142 S. Ct. at 2404 (holding that courts may consider intervening changes in law or fact when resentencing a defendant under the First Step Act); <u>see also</u> <u>United States v. King</u>, 40 F.4th 594, 596 (7th Cir. 2022) (recognizing that "<u>Concepcion</u> is irrelevant to the threshold question whether any given prisoner has established an 'extraordinary and compelling' reason for release").

In any event, the District Court determined that the § 3553(a) factors weighed against early release. Spriggs does not challenge that alternative basis for denying his

§ 3582 motion.[3]  See Geness v. Cox, 902 F.3d 344, 355 (3d Cir. 2018).

Based on the foregoing, the District Court did not abuse its discretion in denying the motion for compassionate release or the motion for reconsideration.  Spriggs' challenge to the District Court's orders does not present a substantial question.  We therefore grant the Government's motion for summary affirmance, and we will summarily affirm the District Court's judgment.

---

[3] Spriggs likely could not demonstrate that the District Court clearly erred in its assessment of the § 3553 sentencing factors.  Because of his extensive criminal history, Spriggs was subject to a potential sentence of 360 months' imprisonment under the Sentencing Guidelines.  His sentence of 240 months' imprisonment was 10 years below the Guidelines range.  See United States v. Ruffin, 978 F.3d 1000, 1008 (6th Cir. 2020) (noting that sentence reduction was not warranted where, among other factors, "the court had already varied downward by five years from Ruffin's guidelines range when imposing [a] lengthy sentence").  And, because of the delayed start, Spriggs had served only 20% of his federal sentence at the time he filed his § 3582 motion.  See Pawlowski, 967 F.3d at 331 (noting that "the time remaining in [the] sentence may – along with the circumstances underlying the motion for compassionate release and the need to avoid unwarranted disparities among similarly situated inmates – inform whether immediate release would be consistent with" the § 3553(a) factors).  The District Court therefore concluded that any further reduction would be inconsistent with the goals of sentencing, in particular, the need for the sentence to "provide just punishment" and "reflect the seriousness of the offense."  ECF No. 100 at 4.