**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1333
_____

UNITED STATES OF AMERICA,
                                        Appellant

v.

ERIC KALB
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-16-cr-00012-001)
District Judge: Honorable Gerald A. McHugh
_____

Argued: November 6, 2017

Before: JORDAN, HARDIMAN, and
SCIRICA, *Circuit Judges.*

(Opinion Filed:  May 31, 2018)

Louis D. Lappen
Acting United States Attorney
Robert A. Zauzmer          [ARGUED]
Denise S. Wolf
Office of the United States Attorney
for the Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
        *Counsel for Appellant*


Brett G. Sweitzer          [ARGUED]
Leigh M. Skipper
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street
Philadelphia, PA  19106
        *Counsel for Appellee*

_____

OPINION OF THE COURT
_____


SCIRICA, *Circuit Judge*

In this government appeal under 18 U.S.C. § 3731, we must decide if a motion for reconsideration, filed after the statutory appeal period elapsed but considered on the merits, nonetheless keeps the appeal period from expiring.  Section 3731 imposes a thirty-day filing requirement, which can be stopped by a timely filed motion for reconsideration.  In this case, the government filed a motion for reconsideration more

than thirty days after the District Court entered an order granting defendant-appellee Eric Kalb's motion to suppress. The District Court denied the motion for reconsideration on the merits, and the government appealed both orders.

Based on the statute's text and structure, recent clarifying opinions from the Supreme Court, and legislative history, we believe the thirty-day period for appeal in § 3731 is jurisdictional. As to the timeliness of the government's motion, we conclude that a timely motion for reconsideration under § 3731, for the purpose of rendering the order non-final, is one made within the thirty-day appeal period. To hold otherwise would rejuvenate an extinguished appeal period. Accordingly, we will dismiss for lack of jurisdiction the government's appeal of the order granting Kalb's suppression motion. We will affirm the denial of the government's motion for reconsideration.

## I.

Eric Kalb was stopped by Upper Merion Township police in the early morning hours of September 13, 2014. Prior to that stop, around 4:00 a.m., an unidentified caller to the Upper Montgomery County 911 Call Center reported that a man had been electrocuted near Valley Forge Park. He also stated the man "may have been scrapping."[1] App. 289. When asked for details, the caller was elusive. He claimed he was calling from a store but that the store was closing. He also refused to give his name and professed ignorance of the

---

[1] "Scrapping" refers to the removal and sale of salvageable scrap metals. "Scrapping" can be criminal if the metals are removed from private property.

model of vehicle he was driving. Police were sent to the scene of the electrocution and to the unidentified caller's location, which police identified as a fast food restaurant. At Valley Forge Park, officers found a deceased man next to an electrical box.

At the restaurant, the responding officer spoke with a security guard who said a white male driving a small Ford pickup truck had recently used the phone and driven away onto Markley Street. The identifying information was broadcast over the police radio. Approximately four minutes later and only four blocks from the unidentified caller's location, an officer spotted a vehicle matching the broadcast description—driven by Kalb—and stopped it. Kalb immediately admitted he was the caller and his friend had been electrocuted. He was taken to the Upper Merion Township police station to give a statement. Kalb admitted to driving his friend to the scrapping location, seeing his friend "sitting in front of an electrical box" while it "was sparking," and driving to use a payphone to call 911. App. 85.

Kalb was indicted by a grand jury on charges of depredation against United States property, 18 U.S.C. § 1361; destruction of property on United States land, 18 U.S.C. § 1363; and aiding and abetting, 18 U.S.C. § 2.[2]

Subsequently, Kalb filed a pretrial motion to suppress

---

[2] The District Court dismissed the § 1361 count for failure to state an offense. The government did not appeal the dismissal.

evidence obtained after police stopped his vehicle.[3] After conducting a suppression hearing, the court entered an order granting the motion on October 21, 2016, followed by a written opinion three days later.

The District Court held a conference call with counsel and scheduled a status conference for November 29. During the conference call, the government "sought leave to review the transcript of the suppression hearing before proceeding." App. 13. On November 29, the government filed a motion to reconsider the suppression order, and Kalb objected to its filing as untimely. The District Court denied the motion to reconsider its suppression order, thereby confirming its suppression of the challenged evidence, on January 13, 2017. In doing so, it rejected the defense's untimeliness argument:

> Preliminarily, the defense argues that the Motion should be rejected as untimely. I disagree. In a conference call with the Court on October 29, 2016, the Government made clear that it sought leave to review the transcript of the suppression hearing before proceeding, and the Court scheduled a status conference for November 29. At a minimum, it would be understandable if the Government interpreted the Court's actions as granting it a 30-day extension. The transcript became available on November 14, and the Government's Motion was filed on November 29, after providing

---

[3] Kalb sought suppression of his statements to police and physical evidence, specifically window panes found in the bed of his pickup truck.

> notice to the Court that it would be slightly delayed because of a competing trial listing. Rigid enforcement of the Local Rule[4] governing timeliness of motions for reconsideration would be inconsistent with the collegial manner in which counsel have dealt with each other, and dealt with the Court.

App. 13. On February 10, the government filed a notice of appeal from the orders granting suppression and denying reconsideration.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. Our jurisdiction over the government's appeal of the suppression order is contested but would arise under 18 U.S.C. § 3731. We exercise plenary review over the question of whether a notice of appeal was timely filed. *State Nat'l Ins. Co. v. County of Camden*, 824 F.3d 399, 404 (3d Cir. 2016).

We have jurisdiction under § 3731 to review the District Court's order denying the government's motion for reconsideration. "We review the denial of a motion for reconsideration for abuse of discretion." *United States v.*

---

[4] Local Criminal Rule for the United States District Court for the Eastern District of Pennsylvania 1.2 adopts Local Civil Rule 7.1(g) covering motions for reconsideration. Per Local Civil Rule 7.1(g), motions for reconsideration must be served and filed within fourteen days after entry of the order concerned.

*Dupree*, 617 F.3d 724, 732 (3d Cir. 2010).

## III.

Under § 3731, the government is permitted to file interlocutory appeals of district court orders suppressing or excluding evidence:

> An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding. . . .

> The *appeal in all such cases shall be taken within thirty days* after the decision, judgment or order has been rendered and *shall be diligently prosecuted.*

18 U.S.C. § 3731 (emphasis added).

## A.

We must first determine whether the thirty-day limitation in § 3731 is a jurisdictional or a claim-processing rule before addressing the timeliness of the government's

7

motion for reconsideration. The parties agree the appeal period is jurisdictional. Appellee's Response Br. at 16; Appellant's Reply Br. at 1. We likewise conclude it is.

The distinction between a jurisdictional rule and a claim-processing rule is significant. Objections based on a tribunal's lack of jurisdiction may be raised at any time, *see Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013), and courts are obligated to raise jurisdictional issues *sua sponte* if not raised by the parties, *see Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017). Further, courts may not extend jurisdictional deadlines for equitable reasons. *See United States v. Wong*, 135 S. Ct. 1625, 1631 (2015). By contrast, a claim-processing rule serves "to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Hamer*, 138 S. Ct. at 17 (quoting *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)). "[P]roperly invoked," such rules "must be enforced, but they may be waived or forfeited" if not raised. *See id.* (citing *Manrique v. United States*, 137 S. Ct. 1266, 1271–72 (2017)). If not barred by Congress, the failure to comply with claim-processing rules may be excused by courts. *See Wong*, 135 S. Ct. at 1631; *see also Rubel v. Comm'r of Internal Revenue*, 856 F.3d 301, 304 (3d Cir. 2017).

To determine if a statutory deadline is jurisdictional, we evaluate the "text, context, and relevant historical treatment." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–95 (1982)). The analysis is not always straightforward. As the Supreme Court has observed, "[w]hile perhaps clear in theory, the distinction between

8

jurisdictional conditions and claim-processing rules can be confusing in practice. Courts—including this Court—have sometimes mischaracterized claim-processing rules or elements of a cause of action as jurisdictional limitations." *Id.* at 161 (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511–12 (2006)).

We are guided in our inquiry by the Supreme Court's ruling in *Bowles v. Russell*, 551 U.S. 205 (2007).[5] In *Bowles*, the Supreme Court addressed the ability of a district court to reopen the period for appeal in civil cases. *See id.* at 207,

---

[5] *Bowles* followed two cases, *Kontrick v. Ryan*, 540 U.S. 443 (2004), and *Eberhart v. United States*, 546 U.S. 12 (2005) (per curiam), in which the Supreme Court attempted to clarify its previous, "less than meticulous" use of the term "jurisdictional." *Kontrick*, 540 U.S. at 454. In *Kontrick*, the Court held that the Federal Rules of Bankruptcy Procedure's time constraints for objections to discharge are not jurisdictional. *See id.* The time limits at issue were "prescribed by [the Supreme Court] for 'the practice and procedure in cases under title 11.'" *Id.* at 453 (quoting 28 U.S.C. § 2075). By contrast, the statutory provision granting jurisdiction did not include a time limitation. *Id.* The Supreme Court built on that reasoning in *Eberhart*. It held that the time limitation on motions for a new trial under Federal Rule of Criminal Procedure 33 is not jurisdictional, *see Eberhart*, 546 U.S. at 19, because it "closely parallel[ed]" the rule in *Kontrick*, which was not derived from a statute, *id.* at 15. In doing so, it referenced the "imprecision" of the use of "the term 'jurisdictional' to describe emphatic time prescriptions in rules of court." *Id.* at 18 (quoting *Kontrick*, 540 U.S. at 454).

209. By statute, implemented through Federal Rule of Appellate Procedure 4(a)(6), a "district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered." *Bowles*, 551 U.S. at 208; *see also* 28 U.S.C. § 2107(c). But, by order, the district court in *Bowles* reopened the appeal period for seventeen days. 551 U.S. at 207. The appeal was filed within that seventeen-day window but outside of the statutorily set period of fourteen days. *Id.* The Supreme Court concluded the fourteen-day period was jurisdictional and the appeal was untimely filed. *See id.* at 213–14.

In reaching that conclusion, the Court emphasized the source of the period for appeal and the Court's prior treatment of appeal periods. First, the fourteen-day period was grounded in a statute rather than in a procedural rule. The Court noted the "jurisdictional distinction between court-promulgated rules and limits enacted by Congress." *Id.* at 211–12. It reasoned, "[b]ecause Congress specifically limited the amount of time by which district courts can extend the notice-of-appeal period in § 2107(c), that limitation is more than a simple 'claim-processing rule.'" *Id.* at 213. Second, the Court drew on its historic treatment of periods for appeal stating, "[t]his Court has long held that the taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" *Id.* at 209 (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61 (1982) (per curiam)). The longstanding-treatment of statutorily prescribed appeal periods as jurisdictional reflects Congress's ability to "prohibit[ ] federal courts from adjudicating an otherwise legitimate 'class of cases' after a certain period has elapsed from final judgment." *Id.* at 213. The Supreme Court recently clarified in *Hamer* that "[i]f a time prescription

10

governing the transfer of adjudicatory authority from one Article III court to another appears in a statute, the limitation is jurisdictional." 138 S. Ct. at 20.

Following the decision in *Bowles*, we have treated time limits set by statutes as jurisdictional in several cases. *See Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 322–23 (3d Cir. 2012) (concluding thirty-day limit in Federal Rule of Appellate Procedure 4(a)(1)(A) is jurisdictional because it originates in 28 U.S.C. § 2107(a)); *Baker v. United States*, 670 F.3d 448, 453–60 (3d Cir. 2012) (holding that the 180-day limit in Federal Rule of Appellate Procedure 4(a)(6) and derived from 28 U.S.C. § 2107 is jurisdictional based on *Bowles*); *In re Caterbone*, 640 F.3d 108, 111–12 (3d Cir. 2011) (stating, because 28 U.S.C. § 158 requires that an appeal be taken in the time provided by Federal Rule of Bankruptcy Procedure 8002, the time period in Rule 8002 is jurisdictional); *cf. Mathias v. Superintendent Frackville SCI*, 876 F.3d 462, 470–72 (3d Cir. 2017) (concluding the period for filing a cross-appeal under Federal Rule of Appellate Procedure 4(a)(3) is not jurisdictional because it is not derived from a statute).[6]

---

[6] Courts of Appeals have split on this issue. *Compare, e.g.*, *Stephanie–Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 705 (9th Cir. 2007) (finding Rule 4(a)(3) nonjurisdictional); *Clubside, Inc. v. Valentin*, 468 F.3d 144, 162 (2d Cir. 2006) (same); *Spann v. Colonial Vill., Inc.*, 899 F.2d 24, 33 (D.C. Cir. 1990) (same), *with, e.g.*, *Jackson v. Humphrey*, 776 F.3d 1232, 1238 n.6 (11th Cir. 2015) (finding Rule 4(a)(3) jurisdictional); *Art Midwest Inc. v. Atl. Ltd. P'ship XII*, 742 F.3d 206, 213 (5th Cir. 2014) (same);

As in *Bowles*, the thirty-day appeal period here is derived from a statute. *See* § 3731. Moreover, the appeal period is included in the same statutory section as the grant of jurisdiction to courts of appeals. In *Wong*, the Supreme Court reiterated the "separation of a filing deadline from a jurisdictional grant indicates that the time bar is not jurisdictional," 135 S. Ct. at 1633, when analyzing the time limits contained in the Federal Tort Claims Act (FTCA), *id.* at 1629. The FTCA provides a tort claim against the United States must be brought "within two years after such claim accrues" and presented to a federal court "within six months" following the agency's adjudication. *See* 28 U.S.C. § 2401(b). While the time limitations are contained in § 2401(b), the grant of jurisdiction to federal district courts to hear FTCA claims is included in a different section of Title 28. *See* 28 U.S.C. § 1346(b)(1); *Wong*, 135 S. Ct. at 1633. Recognizing "the structural divide built into the statute," the Court concluded that "[n]othing conditions the jurisdictional grant on the limitations periods, or otherwise links those separate provisions." *Wong*, 135 S. Ct. at 1633; *see also Reed Elsevier*, 559 U.S. at 161–65 (concluding that the location of a registration requirement in a different section than the grant of jurisdiction suggested the requirement was not jurisdictional).

In contrast to the timing requirements at issue in both *Wong* and *Reed Elsevier*, the thirty-day appeal period here is embedded in the same statutory section that grants jurisdiction to the court of appeals. From the Criminal

---

*Sullivan v. City of Augusta*, 511 F.3d 16, 32 n.7 (1st Cir. 2007) (same).

12

Appeals Act's passage in 1907, the appeal period has remained in the same section as the jurisdictional grant. *Compare* Criminal Appeals Act, ch. 2564, 34 Stat. 1246 (1907), *with* 18 U.S.C. § 3731. Thus, treating the appeal period as jurisdictional does not disregard any "structural divide built into the statute." *Wong*, 135 S. Ct. at 1633.

Further, the provision utilizes mandatory, rather than permissive, terms. While the word "jurisdiction" is not included in the appeal-period provision, Congress is not required to "incant magic words in order to speak clearly." *Auburn Regional*, 568 U.S. at 153. The provision provides "[t]he appeal in *all such cases shall be taken within thirty days* after the decision." § 3731 (emphasis added). Although not determinative, the "mandatory word 'shall' . . . [is a] word[ ] with jurisdictional import." *Auburn Regional*, 568 U.S. at 154. The nature of the prescribed time period in § 3731 persuades us that the thirty-day limit is jurisdictional. That conclusion comports with the Supreme Court's "longstanding treatment of statutory time limits for taking an appeal as jurisdictional." *Bowles*, 551 U.S. at 210.[7]

---

[7] In *Henderson*, the Supreme Court concluded the period for appeal from the Board of Veterans' Appeals to Veterans Court is not jurisdictional. 562 U.S. at 441. But *Henderson* involved an appeal from an agency to an Article I tribunal—not from a district court to a court of appeals. *Id.* at 437–38. The Supreme Court drew on that difference when distinguishing *Bowles* and concluding that the limitation at issue in *Henderson* was not jurisdictional. *Id.* at 436 ("*Bowles* concerned an appeal from one court to another court. The 'century's worth of precedent and practice in

Our conclusion is bolstered by the legislative history of § 3731. Prior to passage of the first Criminal Appeals Act in 1907, the Supreme Court held the government was not permitted to appeal in a criminal case absent express statutory authority to do so. *See United States v. Sanges*, 144 U.S. 310, 321–23 (1892). With the Criminal Appeals Act of 1907, Congress expressly provided the government with the right to appeal to the Supreme Court or the circuit courts of appeals in specified circumstances and stated that "the writ of error in all such cases *shall be taken within thirty days* after the decision or judgment has been rendered and shall be diligently prosecuted and shall have precedence over all other cases." Criminal Appeals Act, ch. 2564, 34 Stat. 1246 (1907) (emphasis added). In particular, the Act allowed the government to appeal from dismissal of an indictment, if the underlying challenge was based on "the invalidity, or construction of the statute upon which the indictment is founded." *Id.* The House of Representatives initially passed a version of the bill granting the government the "same right of review by writ of error that is given to the defendant." H.R. Res. 15434, 59th Cong., 40 Cong. Rec. 5408 (1906).

Following amendment by the Senate, the Act was narrowed to not extend the same appeal rights to the government and to provide that government appeals should be taken within thirty days. H.R. Rep. 59-8113, at 2 (1907) (Conf. Rep.). In *United States v. Hark*, 320 U.S. 531 (1944), the Supreme Court interpreted the thirty-day appeal period, explaining that "[n]either the District Court nor this court has

---

American courts' on which *Bowles* relied involved appeals of that type." (quoting *Bowles*, 551 U.S. at 209–210 & 209 n.2)).

power to extend the period." *Id.* at 533.

The first Act proved to be unworkable in practice, with the Supreme Court commenting that it "reflect[ed] no coherent allocation of appellate responsibility" and was "a most unruly child that has not improved with age." *United States v. Sisson*, 399 U.S. 267, 307 (1970). In 1970, Congress significantly amended the Act as part of the Omnibus Crime Control Act of 1970, Pub. L. 91-644, 84 Stat. 1880. In so doing, it brought the language of the Act into accordance with common usage, expanded the government's ability to appeal, provided for review by the courts of appeals over orders previously designated for Supreme Court review, and added that the Act should be liberally construed. *See* S. Rep. No. 91-1296, at 2 (1970). However, Congress did not alter the requirement that such an appeal be diligently prosecuted. H.R. Res. 17825, 91st Cong. § 42 (1970).

While Congress overhauled the statute in other respects, it left the thirty-day appeal period intact, despite prior treatment of that appeal period as jurisdictional by the Supreme Court. Its only amendment to the thirty-day provision was changing the phrase "decision or judgment" to "decision, judgment or order." *Id.* Congress's retention of the thirty-day period without alteration provides additional support for the conclusion that the period is jurisdictional. *See Henderson*, 562 U.S. at 436 ("When a long line of this Court's decisions left undisturbed by Congress has treated a similar requirement as jurisdictional, we will presume that Congress intended to follow that course." (internal quotation marks and citations omitted)); *see also Lorillard v. Pons*, 434 U.S. 575, 580 (1978) ("Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to

15

adopt that interpretation when it re-enacts a statute without change."). Based on the statute's text and structure, recent case law, and legislative history, we conclude that the thirty-day period in § 3731 is jurisdictional.[8]

## B.

Typically, the thirty-day appeal period under § 3731 begins when a covered order is entered on the docket. *See United States v. Mallory*, 765 F.3d 373, 379–80 (3d Cir. 2014). But if the government timely seeks reconsideration of the order, it is rendered nonfinal until the court decides the motion for reconsideration, and the thirty-day appeal period runs from an order denying the motion. *See United States v. Ibarra*, 502 U.S. 1, 6–7 (1991) (per curiam); *cf. United States v. Healy*, 376 U.S. 75, 77–78 (1964). Both parties in this case accept those two propositions.

As noted, Kalb contends the government's failure to file a motion for reconsideration within thirty days of the suppression order's entry strips us of jurisdiction over the government's appeal of the suppression order. In response, the government argues that the District Court deemed the motion for reconsideration "timely," thus satisfying the prerequisites for stopping the appeal period. As stated, we conclude that the government must file a motion for reconsideration within § 3731's thirty-day period for the

---

[8] In so holding, we join the United States Courts of Appeals for the Ninth and Tenth Circuits. *See United States v. Kim*, 298 F.3d 746, 749 (9th Cir. 2002), *amended by* 317 F.3d 917 (9th Cir. 2003); *United States v. Cook*, 599 F.3d 1208, 1212 (10th Cir. 2010).

motion to keep that thirty-day period from expiring.[9]

Motions for reconsideration or petitions for rehearing filed within the appeal window are distinguishable from those that are not because the latter amount to "an attempt to rejuvenate an extinguished right to appeal." *Healy*, 376 U.S. at 77. In *Healy*, the Supreme Court addressed whether a petition for rehearing "renders the judgment not final for purposes of appeal" under then-Supreme Court Rule 11(2), which required that an appeal be filed within thirty days. *Id.* at 77–78. Holding that it did, *id.* at 80, the Court stated, "[s]ince the petition for rehearing was filed within 30 days of the judgment, *we are not faced with an attempt to rejuvenate an extinguished right to appeal*," *id.* at 77 (emphasis added). While that statement guides our inquiry, it does not—as Kalb argues—fully decide the issue because the Supreme Court considered a petition that was filed within the thirty-day appeal period. Accordingly, we turn to a survey of our sister Circuits' treatment of this issue.

The United States Court of Appeals for the Tenth Circuit addressed an analogous scenario to this one in *United States v. Martinez*, 681 F.2d 1248 (10th Cir. 1982) (per curiam). In that case, the government attempted to appeal under § 3731. *Id.* at 1251. It claimed that its motion for reconsideration, which was filed more than thirty days after the appealed order, tolled the appeal period. *See id.* at 1252. The Tenth Circuit rejected the argument, stating that § 3731 is jurisdictional and "a motion for reconsideration does not

---

[9] Because the government has the full thirty days to appeal following the entry of judgment on a motion for reconsideration, we will refer to the motion for reconsideration as preventing the appeal period's expiration.

bring new life to an order unless it is filed within the thirty day period for taking the appeal running from the date of the entry of the judgment or order appealed from." *Id.* at 1253.

The government attempts to distinguish this case from *Martinez,* arguing that the Tenth Circuit's holding only applies to motions deemed untimely by the district court. *See* Appellant's Reply Br. at 9. But, in so doing, the government overlooks two aspects of *Martinez*. First, the district court considered the government's motion for reconsideration and denied it on the merits, as in this case, despite later commenting that it was "untimely." *Martinez*, 681 F.2d at 1251. Second, the Tenth Circuit did not qualify its statements by reference to a district court's determinations of timeliness:

> As we have seen from *United States v. Healy*, the motion for reconsideration has to be filed within thirty days following entry of the order or judgment. The motion for reconsideration did not breathe new life into the order which was entered more than thirty days before the filing of the motion for reconsideration.

*Id.* at 1253. Accordingly, *Martinez* is not so easily distinguished and provides support for Kalb's position.

When assessing the timeliness of a motion for reconsideration under § 3731, several of our sister Circuits have relied on the thirty-day period rather than the district court's characterization of the motion, although none involved a motion filed after the thirty-day appeal period. *See, e.g., United States v. Cook*, 599 F.3d 1208, 1212 (10th Cir. 2010) ("In a criminal case, a *timely* motion for reconsideration, *defined as one filed within the time to appeal*,

18

postpones the time to appeal until the court disposes of the motion." (emphasis added)); *Canale v. United States*, 969 F.2d 13, 15 (2d Cir. 1992) ("While we are unaware of any rule of criminal or appellate procedure which addresses the subject of timeliness of a motion for reconsideration, [n]umerous decisions have found the government's interlocutory appeal to be timely . . . when a motion for . . . reconsideration was filed within thirty days following the order appealed from." (internal quotation marks and citation omitted)); *United States v. Vicaria*, 963 F.2d 1412, 1414 (11th Cir. 1992) ("A motion for reconsideration in a criminal case must be filed within the period of time allotted for filing a notice of appeal in order to extend the time for filing the notice of appeal. Therefore, in a criminal case, the government has thirty days in which to seek reconsideration of a final judgment or other appealable order." (citation omitted)).

We find additional support for our conclusion in the legislative history of § 3731. In April 1967, Representative Thomas Railsback introduced a bill, H.R. Res. 8654, 90th Cong., 1st Sess. (1967), to add appeals from suppression orders to § 3731. In his statements concerning the bill, Representative Railsback stated that such appeals "must of necessity be limited by the sixth amendment right to a speedy trial and the fifth amendment protection against double jeopardy." *Anti-Crime Program: Hearings Before Subcomm. No. 5 of the Comm. on the Judiciary*, 90th Cong., 1530, 1531 (1967). Representative Railsback emphasized the safeguards included in the bill, particularly the thirty-day requirement:

> It seems also that any action by the Congress to provide for additional grounds for appeal by the

19

Government in criminal trials must be tightly drawn and must preserve all of the constitutional rights of the defendant. Therefore, I believe certain safeguards in such appeals are necessary. *To make sure that such appeal does not bring about unnecessary delay, such appeals must be made within 30 days.* This is already in section 3731 of title 18 and would apply equally to this new provision.

*Id.* at 1532 (emphasis added).

The government asserts the Supreme Court has established "what matters in this situation is not whether a motion for reconsideration is timely in relation to the original time for appeal, but whether the motion for reconsideration is timely under any rule pertinent to such a motion." Appellant's Reply Br. at 5. In support, the government cites *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257 (1978). In that case, the Supreme Court addressed whether a motion for reconsideration filed by the state in habeas proceedings, beyond the ten days allowed by the Federal Rules of Civil Procedure, tolled "[t]he running of time for filing a notice of appeal." *Id.* at 264. The Court held that it did not because the motion was "untimely under the Civil Rules, and therefore did not toll the time for appeal under Appellate Rule 4(a)." *Id.* at 267.

Rejecting the state's contention that the thirty-day period from *Healy* and *United States v. Dieter*, 429 U.S. 6 (1976) (per curiam), controlled, the *Browder* Court stated that "absent a rule specifying a different time limit, a petition for rehearing in a criminal case would be considered timely when

20

filed within the original period for review. In a civil case, however, the timeliness of a motion for rehearing or reconsideration is governed by Rule 52(b) or Rule 59, each of which allows only 10 days." 434 U.S. at 268 (internal quotation marks and citations omitted). From that statement, the government extrapolates that the thirty-day appeal period under § 3731 is only a default presumption that can be overcome when any other rule, which would make the motion timely, applies or the district court treats the motion as timely.

But such a reading of *Browder* turns the logic of the decision on its head. First, the *Browder* Court stated that an untimely motion under the applicable Federal Rule of Civil Procedure cannot render an order nonfinal:

> The rationale behind the tolling principle of [Rule 4(a)] is the same as in traditional practice: "A timely petition for rehearing tolls the running of the [appeal] period because it operates to suspend the finality of the . . . court's judgment, pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties." An untimely request for rehearing does not have the same effect.

*Id.* at 267 (emphasis removed and second alteration in original) (quoting *Dep't of Banking v. Pink*, 317 U.S. 264, 266 (1942)). That holding does not prove the converse—that any motion deemed timely by a district court, even if filed outside of the thirty-day appeal period, reopens the appeal window.

21

Second, in *Browder*, the appeal period was shortened. Here, the government asks us to expand its statutory period for appeal. But the thirty-day period in § 3731 is jurisdictional. *See supra* Section III.A. To conclude that any motion for reconsideration, if deemed timely by a district court, extends the thirty-day period would be an impermissible extension of our jurisdiction. Furthermore, that conclusion does not comport with the rationale behind motions for reconsideration tolling the appeal period under § 3731. As the Supreme Court stated in *Dieter*, "the consistent practice in civil and criminal cases alike has been to treat timely petitions for rehearing as rendering the original judgment nonfinal for purposes of appeal for as long as the petition is pending." 429 U.S. at 8.[10]

But, in this case, the motion for reconsideration was not filed until the thirty-day appeal period had elapsed. Thus, for the entire thirty-day appeal period under § 3731, the suppression order remained final—including the day that period expired. Contrary to the government's assertions, this

---

[10] The District Court's consideration on the merits of the motion for reconsideration does not affect our conclusion. Such consideration "cannot override the application of jurisdictional rules, as both this Court and the Supreme Court have held." *State Nat'l Ins. Co. v. County of Camden*, 824 F.3d 399, 409 (3d Cir. 2016); *see also Lizardo v. United States*, 619 F.3d 273, 278 (3d Cir. 2010) (concluding that an untimely Rule 59(e) motion did not toll the time for filing an appeal under Federal Rule of Appellate Procedure 4(a)(4)(A) even if the opposing party did not object and the district court considered the motion on the merits).

scenario equates to "an attempt to rejuvenate an extinguished right to appeal," *Healy*, 376 U.S. at 77, an action we are not permitted to take.[11]  Accordingly, we conclude that a motion for reconsideration must be filed within the thirty-day appeal period specified in § 3731 in order to keep the appeal period from expiring.[12]  Because the government filed its motion for reconsideration more than thirty days after the suppression order was entered on the docket, the motion did not prevent

---

[11] As now-Justice Gorsuch stated when addressing whether the government may file successive motions for reconsideration under § 3731:

> [T]he Supreme Court has unequivocally directed that jurisdictional filing deadlines are not susceptible to alteration based on precisely the sort of equitable considerations that the government urges on us, explaining that "this Court has no authority to create equitable exceptions to jurisdictional requirements." *Bowles*, 127 S. Ct. at 2366.  And whatever else one might think about this command, it surely must be susceptible to the Rule of the Goose and Gander and thus apply no less forcefully to the government than the habeas petitioner.

*United States v. Cos*, 498 F.3d 1115, 1137 (10th Cir. 2007) (Gorsuch, J., dissenting).

[12] We need not address the potential effect of a motion for extension of time under Federal Rule of Appellate Procedure 4(b)(4) in this case.

the appeal period from elapsing, and we must dismiss the appeal of that order for lack of jurisdiction.[13]

**IV.**

Although we lack jurisdiction to consider the government's appeal of the District Court's order granting Kalb's suppression motion, we do have jurisdiction over the government's appeal of the District Court order denying its motion for reconsideration because the government filed its appeal within thirty days of the issuance of that order. "The purpose of such a motion is to correct a clear error of law or to prevent a manifest injustice in the District Court's original ruling." *Dupree*, 617 F.3d at 732. "Though '[m]otions to reconsider empower the court to change course when a mistake has been made, they do not empower litigants . . . to raise their arguments, piece by piece.'" *Id.* at 732–33 (alteration in original) (quoting *Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009)).

We conclude the District Court did not abuse its discretion in denying the government's motion. At the motion to suppress stage, the government contended that Kalb's stop was lawful as an investigatory stop under *Terry v. Ohio*, 392 U.S. 1 (1968). In its motion for reconsideration, the government presented two new arguments that were not previously raised based on Kalb's use of the word "scrapping" and an attenuation argument. The government also advanced a new theory, which it did not previously

---

[13] We recognize that our result may appear to undermine the collegial nature of the proceedings fostered by the parties and District Court. But we are barred from evaluating equitable considerations. *See Wong*, 135 S. Ct. at 1631.

present to the Court, that Kalb was properly stopped as a witness under *Illinois v. Lidster*, 540 U.S. 419 (2004). In denying the motion for reconsideration, the District Court determined the government's arguments "could as well have been made earlier" and were accordingly "not a proper basis for reconsideration." App. 14. We agree and find no abuse of discretion in the District Court's denial of the motion.

## V.

For the foregoing reasons, we will dismiss for lack of jurisdiction the government's appeal of the order granting Kalb's suppression motion. We will affirm the order denying the government's motion for reconsideration.