ALD-080                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3451
_____

UNITED STATES OF AMERICA

v.

FRANCO BADINI,
                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-09-cr-00325-014)
District Judge:  Honorable Mark R. Hornak

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 28, 2021
Before: MCKEE, GREENAWAY, JR. and BIBAS, Circuit Judges

(Opinion filed: March 11, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Franco Badini appeals the District Court's orders denying his motions for compassionate release and reconsideration. The Government has filed a motion for summary affirmance. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2012, Badini was convicted of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. Because he had previously been convicted of a felony drug offense, the District Court sentenced him to a mandatory 20-year minimum sentence. Badini appealed, and we affirmed. See United States v. Badini, 525 F. App'x 190 (3d Cir. 2013) (non-precedential).

In October 2020, Badini filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He argued that the District Court should release him so that he could help his elderly mother care for his children, because he had maintained a clean disciplinary record in prison, and because his prior drug felony would no longer subject him to the 20-year minimum under 21 U.S.C. § 841's recently amended recidivist provision. The District Court denied the motion, concluding both that Badini had not shown that "extraordinary and compelling reasons warrant such a reduction" in sentence, § 3582(c)(1)(A)(i), and that the 18 U.S.C. § 3553(a) factors counseled against release. See ECF No. 1129. Badini filed a motion for reconsideration, which the District Court also denied. See ECF No. 1137. Badini filed a notice of appeal, and the Government has moved for summary affirmance.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's orders for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d

2

Cir. 2020) (denial of motion for compassionate release); <u>United States v. Kalb</u>, 891 F.3d 455, 459 (3d Cir. 2018) (denial of motion for reconsideration).  We may summarily affirm if "no substantial question is presented" by the appeal.  3d Cir. L.A.R. 27.4.

We will grant the Government's motion.  The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable."  <u>Id.</u> § 3582(c)(1)(A).  Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," <u>id.</u> § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," <u>id.</u> § 3553(a)(2)(A)–(C).

We discern no abuse of discretion in the District Court's conclusion that a number of the § 3553(a) factors weighed against granting compassionate release here.  As the Court explained, Badini has a lengthy criminal history—he was first convicted of a drug offense in 1993, and then was convicted of six other offenses before the cocaine-distribution conviction at issue here.  Three of those offenses involved violence.  The District Court thus did not commit clear error in concluding that "Badini's record reflects a level of risk of danger to others and to the community that counsels against the reduction of his sentence at this time."  ECF No. 1129 at 13.  Nor can we say that the

3

Court clearly erred in treating Badini's cocaine-distribution offense as serious and militating against early release. We note also that because Badini still had nearly eight years of his sentence remaining at the time the District Court ruled, it would be inconsistent with the § 3553(a) factors to reduce his sentence to time served. See, e.g., Pawlowski, 967 F.3d at 330. We therefore do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (alteration omitted) (quoting Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000)).

Nor did the District Court err in denying Badini's motion for reconsideration. As the District Court explained, Badini provided no basis to reconsider the Court's analysis of the § 3553(a) factors.

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.