BLD-005                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2257
_____

UNITED STATES OF AMERICA

v.

JAMILLE BARKSDALE,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-08-cr-00186-003)
District Judge:  Honorable Jan E. DuBois
_____

Submitted on Appellee's Motion for Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
October 7, 2021

Before: MCKEE, GREENAWAY, JR., and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 1, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Jamille Barksdale, a prisoner at FCI-McKean, appeals from the District Court's orders denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and his motion for reconsideration.  The Government has filed a motion for summary affirmance. For the following reasons, we will grant the motion and summarily affirm the District Court's orders.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In January 2010, Barksdale pleaded guilty to one count of conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846, and five counts of distribution of cocaine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  He was sentenced as a career offender to 180 months' imprisonment, below the suggested Guidelines range of a life sentence.

In December 2020, Barksdale filed a motion for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the § 601(b) of the First Step Act, which authorizes criminal defendants to seek reductions of their sentences by demonstrating "extraordinary and compelling" circumstances.[1]  Barksdale argued that he suffers from thyroid cancer and hypertension, both of which expose him to a high risk of serious illness or death from COVID-19.  He also maintained that he tested positive for COVID-19 after being "lock[ed] in the cell with [a] positive inmate."  He claimed to have suffered headaches and a loss of taste and sense of smell as a result.  Barksdale also

---

[1] The parties did not dispute, and the District Court assumed, that Barksdale had fully exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).  See ECF No. 465 at 3 n.1.

2

argued that the 18 U.S.C. § 3553(a) sentencing factors weighed in favor of release.[2] In

particular, Barksdale emphasized his rehabilitation while in prison and the fact that he has

served the majority of his sentence.

The District Court found no "extraordinary and compelling" circumstances making

Barksdale eligible for compassionate release. It agreed with the Government that the

medical records did not support his contention that he suffered from thyroid cancer and

hypertension. The Court noted that Barksdale was diagnosed with hyperthyroidism, a

condition which it found did not put him at high risk of severe illness from COVID-19,

and that the Government reported that he had recovered from COVID-19 "without

apparent consequences." ECF No. 465 at 2. The Court also determined that Barksdale

was a danger to the community and that his release would be inconsistent with the § 3553

(a) factors.

Barksdale filed a timely motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).

The District Court denied it, noting that he largely reasserted the same arguments that he

presented in support of his motion for compassionate release. In an amendment to the

motion for reconsideration, Barksdale argued for the first time that he no longer

---

[2] Those sentencing factors require the courts to consider, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, and to promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from future crimes by the defendant, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a).

qualifies as a career offender, and that the District Court should take that into consideration to "grant[ ] him some form of relief." ECF No. 472 at 2 (citing United States v. Nasir, 982 F.3d 144, 160 (3d Cir. 2020) (en banc), petition for cert. filed (U.S. Apr. 30, 2021) (No. 20-1522) (holding that inchoate offenses such as conspiracy do not qualify as controlled substance offenses for purposes of the career offender sentencing enhancement)). The District Court declined to consider this argument, concluding that such a claim must be raised in a motion to vacate sentence pursuant to 28 U.S.C. § 2255. Barksdale appealed,[3] and the Government seeks summary affirmance.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decision to deny a motion for compassionate release for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached." Id. (quotation marks and citation omitted).

We agree with the Government that the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. The record supports the District Court's determination that Barksdale did not suffer from any medical condition which would put him at increased

---

[3] Barksdale's notice of appeal does not specify whether he appeals from the order denying his § 3582 motion or from the order denying his motion for reconsideration, but the appeal is timely as to both, and his arguments are clearly directed at both. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 225 n.6 (3d Cir. 2007).

risk because of COVID-19.[4]  It therefore did not abuse its discretion in concluding that there were no extraordinary and compelling reasons warranting a sentence reduction. We also find no clear error of judgment in the District Court's determination that the § 3553(a) factors did not weigh in favor of release.  The District Court properly emphasized the serious nature and circumstances of Barksdale's offenses, noting that his criminal history spanned a decade and included convictions for aggravated assault, a violent crime, and distribution of five kilograms of cocaine.  The District Court recognized Barksdale's efforts to rehabilitate himself in prison but concluded that it was outweighed by his criminal history, and the need for the time he has served to reflect the seriousness of the offense, promote respect for the law, and provide a just punishment. Barksdale argues on appeal that the District Court failed to consider that he has served the vast majority of his sentence.[5]  See Pawlowski, 967 F.3d at 330 (concluding that the amount of time remaining to be served in an inmate's sentence is an appropriate consideration under § 3582(c)(1)(A)).  Not so.  The District Court explicitly noted that he had served 155 months of the 180-month sentence (after adjustment for good time credit). However, it emphasized that this sentence was a significant downward variance from the Guideline's recommendation of a life sentence.  See United States v. Ruffin, 978 F.3d

---

[4] There is no support in the record for Barksdale's claim on appeal that his hyperthyroidism stemmed from an underlying autoimmune disease.

[5] The Government indicates that Barksdale's anticipated release date is July 5, 2022.

1000, 1008 (6th Cir. 2020) (noting that sentence reduction was not warranted where, among other factors, "the court had already varied downward by five years from Ruffin's guidelines range when imposing [a] lengthy sentence"). We find no abuse of discretion in its assessment of these factors.

We likewise find no abuse of discretion in the denial of the motion for reconsideration. See United States v. Kalb, 891 F.3d 455, 459 (3d Cir. 2018) (reviewing the denial of a motion for reconsideration for abuse of discretion). Motions for reconsideration are submitted "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). The majority of Barksdale's arguments in the motion were repetitive, and to the extent that he presented new arguments, including his claim that he was no longer a career offender, they were not a proper basis for reconsideration.[6] See id.

Based on the foregoing, Barksdale's appeal does not present a substantial question. We therefore grant the Government's motion and will summarily affirm the orders of the District Court denying the § 3582 motion and denying the motion for reconsideration.[7]

---

[6] Barksdale argues that the District Court failed to sufficiently consider his argument, in the motion for reconsideration, that his hired counsel had abandoned him. But a review of his counsel's proposed reply to the Government's response to the compassionate release motion indicates that the District Court did not abuse its discretion in denying reconsideration.

[7] Barksdale's motion for appointment of counsel is denied.