BLD-212                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2088
_____

UNITED STATES OF AMERICA

v.

FRANKLIN TEJEDA, a/k/a Frankie,
Appellant

_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Crim. No. 3:16-cr-00098-001)
District Judge: Honorable Malachy E. Mannion

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 4, 2022

Before: MCKEE[1], GREENAWAY, JR., and PORTER, Circuit Judges

(Opinion filed: January 5, 2023)
_____

OPINION[*]
_____

[1] Judge McKee assumed senior status on October 21, 2022.
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Franklin Tejeda is an inmate who at all times relevant was confined at FCI Allenwood Low in Pennsylvania. He appeals an order denying reconsideration of an order denying his COVID-19-based motion for compassionate release. We will affirm.

I.

Tejeda pleaded guilty to one count of conspiracy to distribute tens of thousands of pills containing controlled substances. The District Court imposed a sentence of 87 months of imprisonment. Tejeda filed, but through counsel later withdrew, a motion attacking his sentence under 28 U.S.C. § 2255(a).

At issue here is Tejeda's pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which mostly relied on the proliferation of COVID-19 in federal prisons during the early months of the pandemic. Tejeda also referenced his relative youth, his steps toward rehabilitation, and the amount of time left to serve out his sentence (release is expected in April 2023).

The District Court denied the motion, concluding that Tejeda "has not demonstrated any extraordinary and compelling reasons and the relevant sentencing factors weigh against his release." DC ECF No. 82 at 3-4. Tejeda then filed a motion for reconsideration, in which he argued that his recently reviewed medical record (indicating hypertension and obesity) reflected that he was at heightened risk of severe health problems should he contract COVID-19.

The District Court denied reconsideration. See DC ECF No. 87 at 3 ("Tejeda's hypertension and obesity do not alter the court's Order since the court also found that

2

even assuming that Tejeda's medical conditions and the risks he faces due to the COVID-19 pandemic constituted 'extraordinary and compelling reasons', consideration of the relevant factors in §3553(a) 'heavily' weighed against his release to home confinement."); see also id. (taking note of both the declining COVID-19 emergency at FCI Allenwood Low, and the Bureau of Prisons' success in administering over 135,000 doses of COVID-19 vaccines). This pro se appeal followed.

After Tejeda filed his opening brief in this Court, the Government filed a motion for summary affirmance. While Tejeda did not file an opposition to the Government's motion, we have nevertheless tested the motion against the arguments in the opening brief—cribbed, compare Doc. 8 at 9-10 with United States v. Kolmnela, DC Crim. No. 1:18-cr-00554, DC ECF No. 26 at 7-8 (S.D.N.Y. June 30, 2021), or spare as those arguments may be.

## II.

We have jurisdiction under 28 U.S.C. § 1291. A district court's order denying a motion for compassionate release is reviewed for abuse of discretion, see United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020), and so is its order denying a motion for reconsideration, see United States v. Kalb, 891 F.3d 455, 466-67 (3d Cir. 2018). "An abuse of discretion exists when the decision rests 'on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" Hope v. Warden York Cnty. Prison, 972 F.3d 310, 320 (3d Cir. 2020) (citation omitted).

## III.

Section 3582(c)(1)(A)(i) authorizes compassionate release based on an "extraordinary and compelling" reason, provided the District Court makes a favorable assessment using the § 3553(a) factors and any applicable policy statements. See Pawlowski, 967 F.3d at 329 & n.6. Like the District Court, we assume, arguendo, that Tejeda put forth an "extraordinary and compelling reason" for relief. And we tend to agree with Tejeda that his pretrial release while on bond in this case, see Doc. 8 at 8, is not insignificant.

In denying relief, however, the District Court did not abuse the "considerable discretion" it wielded here. United States v. Andrews, 12 F.4th 255, 262 (3d Cir. 2021). In fact, the District Court's rulings had ample support. For instance, the District Court appropriately considered historical evidence that "Tejeda's wide-spread drug trafficking activity continued even when he was on county probation for a theft charge." DC ECF No. 82 at 4. It was also fair game for the District Court to attach great weight to the "serious nature of [Tejeda's] current drug trafficking conviction." DC ECF No. 87 at 3.

Accordingly, we grant the Government's motion for summary affirmance. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018). The District Court's judgment will, as a consequence, be affirmed.

4