**DLD-224**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1979
_____

UNITED STATES OF AMERICA

v.

ROBERT G. BARD,
                                         Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-12-cr-00181-001)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted on the Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 15, 2021

Before:  JORDAN, KRAUSE and PHIPPS, Circuit Judges

(Opinion filed August 10, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Robert Bard appeals from the District Court's rulings relating to his motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a motion for summary affirmance. For the reasons that follow, we grant the Government's motion and will summarily affirm.

In 2013, Bard was sentenced to 262 months in prison after being convicted of fraud and related charges. Bard, an investment advisor, had defrauded 66 of his clients, many of them elderly, out of millions of dollars. We affirmed his conviction and sentence on appeal. See United States v. Bard, 625 F. App'x 57, 61 (3d Cir. 2015).

In June 2020, Bard filed a pro se motion for compassionate release, arguing that he suffered from medical conditions that increased his risk of severe illness from COVID-19. The District Court appointed counsel, who filed a brief in support. The Government opposed the motion. After the District Court denied the motion in September 2020, Bard filed a pro se motion for reconsideration in February 2021. The District Court denied the motion, and Bard subsequently filed motions to supplement his motion for reconsideration. Treating the motions to supplement as motions for reconsideration of the previous orders, the District Court denied them. Bard then filed a

pro se notice of appeal.[1]  The Government has filed a motion for summary affirmance.

We have jurisdiction over the appeal under 28 U.S.C. § 1291.[2]

Motion for compassionate release

We review the District Court's order denying the motion for compassionate

release for an abuse of discretion and will not disturb that decision unless the District

Court committed a clear error of judgment after weighing the relevant factors.  See

United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020).  We may summarily

affirm a district court's decision "on any basis supported by the record" if the appeal fails

to present a substantial question.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir.

2011) (per curiam).

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a District Court may reduce a sentence if

extraordinary and compelling reasons warrant such a reduction.  Before granting

compassionate release, however, a district court must consider "the factors set forth in

---

[1] In his notice of appeal, Bard may have specified only the District Court's last order, but he discussed his motion for compassionate release and his subsequent motions and asked that his "complete file" be forwarded to this Court.  ECF #236.  He also he suggests in his brief that he wishes to appeal all three of the District Court's orders.

[2] Bard's appeal was timely only as to the District Court ruling on the motions to supplement.  However, as the Government does not raise the issue of the timeliness of the notice of appeal with respect to the earlier orders, instead addressing the original decision in its motion to summarily affirm, we will review the earlier orders as well.  See Gov't of the V.I. v. Martinez, 620 F.3d 321, 328 (3d Cir. 2010) (holding that the failure to file a timely notice of appeal in a criminal case does not deprive the Court of jurisdiction, but, if the Government invokes the deadline of Fed. R. App. P. 4(b)(1), the Court must dismiss the appeal).

3

[18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A).  In its September 2020 order, the District Court determined that Bard had arguably made a showing of a compelling and extraordinary circumstance, but he had not shown remorse for his crimes and posed a significant danger to the community if released.  In particular, the District Court noted the following:

> Mr. Bard has repeatedly showed the court--and continues to do so today--that he has shown no remorse for his crimes and will continue to pose a significant danger to the community if he does not serve his full sentence. Mr. Bard is in prison for successfully executing a long-deliberated and coldly calculated fraudulent scheme targeting vulnerable people that left many in total financial ruin.  In multiple previous orders--including during Mr. Bard's original sentencing hearing--the court noted that Mr. Bard appeared to be flagrantly disregarding any culpability for this wrongdoing. In fact, in Mr. Bard's own words before the court today, Mr. Bard describes himself as "impeccable."  Mr. Bard has not learned from his time in prison, and he needs to serve his full sentence to protect the public from him inflicting further wrongdoing upon them.

D. Ct. Ord. at 4, ECF #229.

The District Court did not abuse its discretion in denying a sentence reduction based on its weighing of the § 3353 factors.  Bard's offenses—arising from defrauding clients of millions of dollars—are serious, and the District Court could consider the nature of those offenses and Bard's character.  See 18 U.S.C. § 3553(a)(1) & (2)(A) & (C) (including the nature and circumstances of the offense, characteristics of the defendant, and protection of the public as sentencing factors as well as the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to

4

provide just punishment for the offense"). The District Court did not commit a clear error of judgment in its consideration and weighing of the relevant factors.[3]

Motions for Reconsideration

We review the denial of a motion for reconsideration for an abuse of discretion. United States v. Kalb, 891 F.3d 455, 459 (3d Cir. 2018). The District Court did not abuse its discretion in denying the motion for reconsideration. In that motion, Bard presented new information, i.e., that he had tested positive for COVID-19 in December 2020. He also provided purported statistics on the numbers of inmates who had tested positive and who had died. However, that information did not provide a basis for reconsideration where the District Court had acknowledged the risk to him in determining, in his favor, that Bard had arguably shown a compelling and extraordinary circumstance.

Bard also argued that he regretted his actions and had been scored by the Bureau of Prisons as a low risk to the community and a low risk for recidivism.[4] Neither his self-serving statement of remorse nor a prison official's conclusion that he is at a low risk of recidivism provides grounds for reconsideration of the District Court's informed and

---

[3] As proof of his remorse, Bard asserts that he gave a proffer to the Government four years before he was indicted. Bard, however, leaves out the fact that he did not plead guilty and accept responsibility for his crimes. At sentencing, Bard discussed the impact of the criminal charges on his family without expressing any remorse for the financial devastation his crimes inflicted on his victims. See Tr. 7/31/14 at 42 ("So the victims claim that they are the only ones that are going through something, we are, too.")

reasoned determination that Bard has not shown remorse and presents a risk to the community.

Finally, the District Court properly denied the motions to supplement, in which Bard sought to present additional information regarding his medical conditions. As noted above, the District Court determined that Bard had arguably shown a compelling and extraordinary circumstance. Thus, the additional medical information he submitted did not provide a basis for reconsideration of an issue decided in his favor.

As the District Court clearly did not abuse its discretion in denying Bard's motion for a sentence reduction or his motions for reconsideration, this appeal does not present a substantial question. Accordingly, we grant the Government's motion, and we will summarily affirm the District Court's orders.

---

[4] Bard does not explain what factors were considered in making this determination. He submitted a simple form with the words "recidivism risk level" and the word "minimum" circled.