**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1728
_____

UNITED STATES OF AMERICA

v.

JEROME MARIO BRITTON,
                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. Action No. 1:13-cr-00014-001)
District Judge: Honorable Yvette Kane

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
on August 26, 2021

Before: McKEE, GREENAWAY, JR., and BIBAS, <u>Circuit Judges</u>

(Opinion filed: September 28, 2021)

_____

_____

OPINION[*]

_____

PER CURIAM

Jerome Mario Britton appeals pro se from an order of the United States District Court for the Middle District of Pennsylvania denying his motion for reconsideration of an order that rejected his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. For the following reasons, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2013, a jury found Britton guilty of possession of a firearm by a convicted felon. See 18 U.S.C. § 922(g)(1). He was sentenced to 100 months of imprisonment. We affirmed. See United States v. Britton, 608 F. App'x 111 (3d Cir. 2015) (not precedential).

In September 2020, Britton filed a pro se motion for compassionate release pursuant to § 3582(c)(1)(A). (ECF 134.) He argued that various health conditions put him at increased risk from COVID-19. The Government opposed the motion. (ECF 141.) The District Court denied relief. (ECF 151.) It concluded that Britton arguably had established extraordinary and compelling reasons warranting relief. The District Court held, however, that the relevant factors under 18 U.S.C. § 3553(a) weighed against any reduction in his sentence. Those factors included the seriousness of Britton's offense, his

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

lengthy criminal history, his propensity to recidivate, and the fact that he had served only approximately 30 months of his federal sentence.

Britton filed a motion for reconsideration. (ECF 152.) The Government filed a brief in opposition (ECF 155), to which Britton replied. (ECF 159.) The District Court denied relief, holding that he presented no new evidence that would affect the decision to deny the § 3582(c)(1)(A) motion and that he failed to establish that reconsideration was necessary to correct any clear error of law or to prevent manifest injustice. (ECF 160.) Britton appeals from the denial of the motion for reconsideration. (ECF 161.) The Government has filed a motion for summary affirmance. (Doc. 7.)

We have jurisdiction under 28 U.S.C. § 1291, and we review the denial of Britton's motion for reconsideration for abuse of discretion.[1] Cf. United States v. Kalb, 891 F.3d 455, 459 (3d Cir. 2018) (reviewing denial of motion for reconsideration in criminal appeal for an abuse of discretion). "[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

---

[1] Britton's notice of appeal did not mention the order denying his § 3582(c)(1)(A) motion. See Fed. R. App. P. 3(c)(1)(B). To the extent that Britton also seeks review of that order, we conclude that the District Court did not abuse its discretion because, for the reasons it provided, the applicable § 3553(a) factors did not support Britton's release. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020).

In his motion for reconsideration, Britton alleged that the District Court failed to account for his rehabilitation, his strong family and community support, the total amount of time he had spent in prison, and his commitment to relocate and adhere to the conditions of supervised release. The District Court explained, however, that it had considered those factors in its initial decision. Moreover, although the District Court did not have the benefit of prison records detailing the rehabilitation programs that he had completed (which Britton attached to his reconsideration motion), that information would not have changed the result. According to the District Court, Britton's criminal history and history of recidivism still counseled against relief. We discern no abuse of discretion in the District Court's decision.

Britton also contended that the District Court abused its discretion by relying on "acquitted conduct" in evaluating the § 3553(a) factors. The order denying the § 3582(c)(1)(A) motion stated that Britton "stands convicted of serious offenses involving the recovery of two loaded guns, cocaine, and drug paraphernalia from his residence." As noted above, however, Britton was convicted only of one count of possession of a firearm by a convicted felon. He was found not guilty of another felon-in-possession count, a possession of a stolen firearm count, and a possession with intent to distribute cocaine base count. In denying the motion for reconsideration, the District Court explained that its "inadvertent reference to 'offenses' (rather than 'offense') should not be construed as any indication that the Court considered acquitted conduct in deciding Britton's motion for compassionate release." The District Court further clarified that it "carefully considered the nature of the offense for which Britton stands convicted … as well as

4

the circumstances surrounding that offense." Under these circumstances, the District Court did not abuse its discretion in denying the motion for reconsideration.

Finally, Britton raised arguments concerning the establishment of extraordinary and compelling reasons warranting relief. In particular, he cited the "significant COVID-19 outbreaks" at the facility where he is incarcerated. But the District Court had already assumed that Britton had established extraordinary and compelling reasons for release based in part on the rise of COVID-19 infections at his facility. Therefore, because the assessment of extraordinary and compelling reasons did not affect the determination to deny relief, the District Court's denial of the motion for reconsideration was not an abuse of discretion.

For the foregoing reasons, we grant the Government's motion and will summarily affirm the District Court's judgment.