**BLD-247**                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2305
_____

UNITED STATES OF AMERICA

v.

JEROME MARIO BRITTON,
a/k/a/ Jerome Mario Britton, Jr.,
                                                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. Action No. 1:13-cr-00014-001)
District Judge:  Honorable Yvette Kane

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 22, 2022

Before: MCKEE, GREENAWAY, JR., and PORTER, <u>Circuit Judges</u>

(Opinion filed: October 13, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jerome Mario Britton appeals pro se from an order of the United States District Court for the Middle District of Pennsylvania denying his motion for reconsideration of an order that rejected his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. For the following reasons, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2013, a jury found Britton guilty of possession of a firearm by a convicted felon. See 18 U.S.C. § 922(g)(1). He was sentenced to 100 months of imprisonment. We affirmed. See United States v. Britton, No. 14-1344, 608 F. App'x 111 (3d Cir. 2015) (not precedential).

Britton filed his first motion for compassionate release in September 2020. (ECF 134.) The District Court denied that motion. It assumed that Britton had established extraordinary and compelling reasons warranting relief, but held that the relevant factors under 18 U.S.C. § 3553(a) weighed against any reduction in his sentence. (ECF 151.) Later, the District Court denied Britton's motion for reconsideration (ECF 160), and we affirmed. See United States v. Britton, No. 21-1728, 2021 WL 4439248 (3d Cir. 2021) (not precedential).

In December 2021, Britton filed another compassionate release motion (ECF 164), which he later amended (ECF 170), primarily arguing that he "has made tremendous progress … in rehabilitation during his period of incarceration." (ECF 164, at 12.) In particular, he noted that he "has completed numerous programs designed to rehabilitate," has "been a mentor for a lot of the younger inmates[,]" and has not had any disciplinary

2

infractions.  (Id. at 13.)  He also asserted, without elaboration, that his wife has "health conditions of her own."  (Id.)  By order entered January 13, 2022, the District Court denied the motion, explaining that "[w]hile Britton has shown signs of rehabilitation, the Court is unable to conclude that the below-guidelines sentence originally imposed is no longer necessary to meet sentencing objectives, or that he no longer poses a danger to the public."  (ECF 172, at 3.)

Britton filed a motion for reconsideration, asserting, among other things, that he suffers from chronic kidney disease and that he would soon undergo a second hernia surgery.  (ECF 175, at 3.)  The District Court denied relief, finding no basis upon which to revisit the denial of Britton's prior motions for compassionate release.  (ECF 176.)  Britton timely appealed.  (ECF 177.)  After Britton filed his pro se brief (Doc. 5), the Government filed a motion for summary affirmance.  (Doc. 6.)

We have jurisdiction under 28 U.S.C. § 1291, and we review the denial of Britton's motion for reconsideration for abuse of discretion.[1]  Cf. United States v. Kalb, 891 F.3d 455, 459 (3d Cir. 2018) (reviewing denial of motion for reconsideration in criminal appeal for an abuse of discretion).  A judgment may be altered or amended if the party seeking reconsideration shows that (1) there has been "an intervening change in

---

[1] Although Britton's notice of appeal did not identify the order denying the § 3582(c)(1)(A) motion that he filed in December 2021, see Fed. R. App. P. 3(c)(1)(B) (providing, in pertinent part, that a notice of appeal must "designate the judgment--or the appealable order--from which the appeal is taken"), we nevertheless conclude that the District Court did not abuse its discretion in denying that motion because, for the reasons it provided in its order of January 13, 2022, the applicable § 3553(a) factors did not support Britton's release.  See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020).

3

controlling law," (2) there is new evidence that bears on the district court's underlying decision, or (3) there is a "need to correct clear error of law or prevent manifest injustice." See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

Section 3582(c)(1)(A)(i) authorizes compassionate release based on an "extraordinary and compelling" reason, provided the District Court makes a favorable assessment using the § 3553(a) factors and any applicable policy statements. See Pawlowski, 967 F.3d at 329 & n.6. In his motion for reconsideration, Britton noted that he suffers from two health conditions, chronic kidney disease and a hernia. Those conditions might affect whether Britton established extraordinary and compelling reasons warranting relief, but he did not show that they provided a basis for reconsideration of the District Court's conclusion that the § 3553(a) factors weighed against any reduction in his sentence. And with respect to the § 3553(a) factors, Britton's reconsideration motion merely rehashed arguments that he had made in the underlying compassionate release motion. See Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (recognizing that a motion for reconsideration is not the appropriate vehicle to "relitigate old matters" (citation omitted)). Under these circumstances, the District Court did not abuse its "considerable discretion" in denying Britton's motion for reconsideration. See United States v. Andrews, 12 F.4th 255, 262 (3d Cir. 2021).

For the foregoing reasons, we grant the Government's motion for summary affirmance and will summarily affirm the District Court's judgment.