**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2566
_____

UNITED STATES OF AMERICA

v.

ROBERT G. BARD,
                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-12-cr-00181-001)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted on the Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 22, 2024

Before: JORDAN, PORTER, and PHIPPS, Circuit Judges

(Opinion filed: March 22, 2024)
_____

OPINION[*]
_____

PER CURIAM

    Federal prisoner Robert Bard appeals from the District Court's order denying his

motion to reconsider the denial of his prior motion for compassionate release filed

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

pursuant to 18 U.S.C. § 3582(c)(1). The Government has filed a motion for summary affirmance. For the reasons that follow, we grant the Government's motion and will summarily affirm.

In 2013, Bard was sentenced to 262 months in prison after being convicted of fraud and related charges. Bard, an investment advisor, had defrauded 66 of his clients, many of them elderly, out of millions of dollars. We affirmed his conviction and sentence on direct appeal, see United States v. Bard, 625 F. App'x 57, 61 (3d Cir. 2015), and later affirmed the denial of a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, see United States v. Bard, 802 F. App'x 691, 696 (3d Cir. 2020). We have also affirmed the District Court's denial of multiple motions for compassionate release and motions for reconsideration thereof filed by Bard. See C.A. Nos. 21-1979 & 21-3265.

After we decided his last appeal, Bard filed another motion for compassionate release. The District Court denied the motion in October 2022, concluding that Bard had merely added "self-serving expressions of remorse" to his laundry list of issues that were already decided in previous motions. See Order, ECF No. 258.

In April 2023, Bard filed a motion for reconsideration of the District Court's denial, asserting changes in the law that affect his sentencing exposure and in the circumstances regarding his medical conditions. See ECF No. 259. The District Court denied reconsideration, explaining that Bard's arguments did not amount to extraordinary and compelling circumstances. Bard appeals. The Government has moved for summary affirmance of the District Court's order, and Bard has filed a response in opposition and a motion for appointment of counsel.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the denial of a motion for reconsideration for an abuse of discretion. See United States v. Kalb, 891 F.3d 455, 459 (3d Cir. 2018). We may summarily affirm a district court's decision on any basis supported by the record if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We will grant the Government's motion. The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A). The District Court, in its October 2022 order denying Bard's motion for compassionate release, concluded that Bard had not established extraordinary and compelling circumstances warranting release and that the § 3553(a) factors "continue to weigh overwhelmingly against his release—particularly the egregiousness of the underlying offenses and his ongoing threat to the community." ECF No. 258 at 1. The court specifically noted that it gave "little weight to Bard's recent and self-serving expressions of remorse," because he had "repeatedly failed to accept responsibility" and had argued that his victims suffered no loss. Id. at 1 n.1 (citations omitted). We detect no abuse of discretion in the District Court's refusal to reconsider its assessment of the sentencing factors.

Bard argued in his motion for reconsideration that a recent decision of this Court affected the applicability to him of a sentencing enhancement based on victims' losses.

3

See ECF No. 259 at 8 (citing United States v. Banks, 55 F.4th 246, 255–58 (3d Cir. 2022)). There, we concluded that a sentencing court must base any enhancement imposed pursuant to U.S.S.G. § 2B1.1 on the "actual" losses suffered by victims, as opposed to a calculation of "intended" losses. See Banks, 55 F.4th at 255–58 (citations omitted). As it was undisputed in that direct criminal appeal that the victim "suffered no actual loss," id. at 251, we remanded for the defendant to be resentenced without the enhancement.

Bard argues that the District Court imposed an 18-point sentencing enhancement under § 2B1.1(b)(1) based on intended—rather than actual—losses in his case, so his sentence would be different following our decision in Banks. See generally Appellant's Resp. to Gov't Mot. 3–14, CA3 ECF No. 11. But even assuming that our decision in Banks could be a relevant consideration in whether to grant relief under § 3582, Bard's argument is unavailing, because that case is inapposite to his. Unlike in Banks, where there was no actual loss at all, the record is clear that the District Court in Bard's case considered the actual and intended losses to be the same amount. See Op. 7, ECF No. 124 ("As a direct result of [Bard's] actions, the investors suffered an actual loss over $2,500,000.00, the amount their accounts decreased in value through investing with Defendant. This amount also represents the intended loss, as it is the amount of money he placed at risk."); see also Am. J. 7–10, ECF No. 133 (listing restitution for loss amount totaling $4,204,210.78). Thus, our decision in Banks is not an extraordinary and compelling reason justifying Bard's release.

Although Bard has repeatedly claimed in various guises that the District Court erred in concluding as a factual mater that his victims suffered any losses and as a legal

4

matter that decreases in his victims' accounts can be defined as actual losses, those claims have been rejected. See Def.'s Sent'g. Mem. 11–13, ECF No. 130 (objecting to loss calculation); see generally Hr'g Tr., ECF No. 112 (reproducing transcript of evidentiary hearing on loss calculation); see also United States v. Bard, No. 21-3265, 2022 WL 843485, at *2 (3d Cir. Mar. 22, 2022) (affirming denial of Bard's various motions advancing loss-calculation argument for "improperly [seeking] to re-litigate the court's calculation of the applicable sentencing guideline range" (citation omitted))); cf. Bard, 802 F. App'x at 695 (rejecting post-conviction claim that counsel provided ineffective assistance related to the loss calculations). So, the District Court did not abuse its discretion in denying Bard's motion for reconsideration.

Based on the foregoing, Bard's appeal does not present a substantial question, and we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. Bard's motion for appointment of counsel is also denied because he has not made a threshold showing that his appeal has arguable merit. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).